**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3198
_____

LORENE BARKSDALE,
                                        Appellant

v.

NEW AMERICAN FUNDING, LLC,
doing business as BROKER SOLUTIONS, INC.,
doing business as NEW AMERICAN FUNDING;
FEIN SUCH KAHN & SHEPARD, P.C.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-1240)
Magistrate Judge: Patricia L. Dodge (sitting by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: June 22, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Lorene Barksdale appeals a Magistrate Judge's orders dismissing her complaint and denying her motions filed pursuant to Fed. R. Civ. P. 59(e) and 60(b). For the reasons that follow, we will affirm the District Court's judgment.

The procedural history of these proceedings as well as Barksdale's allegations are well-known to the parties, set forth in the Magistrate Judge's memorandum opinions and orders, and need not be described at length here. Briefly, Barksdale filed and twice amended a complaint in the United States District Court for the Western District of Pennsylvania. In her second amended complaint, she challenged Appellees' actions in a foreclosure action in state court against her property.[1] Appellees filed a motion to dismiss her second amended complaint. The Magistrate Judge, sitting by consent, *see* 28 U.S.C. § 636(c), granted the motion, having concluded that (1) a federal court may not enjoin a state court foreclosure action under the Anti-Injunction Act, *see* 28 U.S.C. § 2283; (2) her allegations were frivolous, nonsensical, and used the language of sovereign citizens; (3) Barksdale failed to state a claim under the Fair Debt Collection Practices Act; and (4) the Appellees were not state actors under 42 U.S.C. § 1983.

---

[1] According to the electronically available docket, the foreclosure action is still proceeding in the Court of Common Pleas of Allegheny County. The state court recently denied without prejudice Barksdale's motion to dismiss the foreclosure complaint based on the foreclosure plaintiffs' lack of standing. *See* https://dcr.alleghenycounty.us/Civil/View/PublicSearchByCaseNumber.aspx?CasID=mg-24-000509 (last visited May 4, 2026)

Barksdale then filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). The Magistrate Judge denied the Rule 59(e) motion. Barksdale then filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) and (6). After the Magistrate Judge denied the Rule 60(b) motion, Barksdale filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

In her brief on appeal, Barksdale barely acknowledges the Magistrate Judge's reasons for dismissing her complaint and states that she is appealing the orders denying her Rule 59(e) and 60(b) motions.[2] She argues that the Appellees did not have Article III standing to enforce the mortgage debt. Appellees, however, do not have to show that they have standing as it was Barksdale who initiated the federal proceedings. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that the party invoking federal jurisdiction bears the burden of establishing standing). Barksdale does not explain how the Appellees' alleged lack of standing in *state court* is relevant to or an element of any of the claims she sought to raise in *federal court*.

---

[2] The Magistrate Judge correctly held that Barksdale's § 1983 claims failed because the defendants are not state actors, *see Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005), that the Anti-Injunction Act prevented the Magistrate Judge from enjoining the foreclosure proceedings, *see* 28 U.S.C. § 2283, and, in these circumstances, a declaratory judgment is similarly barred, *see U.S. Steel Corp. Plan for Emp. Ins. Benefits v. Musisko*, 885 F.2d 1170, 1175 (3d Cir. 1989). The Magistrate Judge also concluded that Barksdale's technical challenges to the defendants' enforcement authority—e.g., they failed to produce the original note with "wet signatures"—failed for a variety of reasons. It is not clear whether those technical challenges are asserted as claims under federal or state law, or, indeed, what the relevant cause of action may be.

3

Barksdale also argues that the Magistrate Judge abused her discretion by refusing to consider her purportedly newly discovered securitization and accounting evidence that she believes is central to the issue of standing. However, as explained above, her standing argument lacks merit. Thus, the Magistrate Judge did not abuse her discretion by denying the motions.

For the above reasons, we will affirm the Magistrate Judge's orders.